

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 05-30053 |
| Plaintiff, | * | ORDER AND OPINION |
| -vs- | * | |
| ALEXIS SALGADO, | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant was sentenced on July 10, 2006, to 57 months custody for being a felon in possession of a firearm. Neither a fine nor restitution was imposed. Defendant was ordered to pay the $100 special assessment to the victim's assistance fund, which assessment has not been paid. Defendant has filed a motion, Doc. 57, for return of the cash seized from his person and vehicle at the time of his arrest.

"The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated." Cooper v. City of Greenwood, Mississippi, 904 F.2d 302, 304 (5th Cir. 1990) (quoting United States v. Farrell, 606 F.2d 1341, 1343 (D.C. Cir. 1979) (quoting in turn United States v. La Fatch, 565 F.2d 81, 83 (6th Cir. 1977))). This Court has post-conviction jurisdiction to entertain a motion for the return of property pursuant to Fed. R. Crim. P. 41(g). See United States v. Wright, 610 F.2d 930, 935 (D.C. Cir. 1979). I will construe the defendant's motion for return of property as a motion under Rule 41(g).

Where a Rule 41(g) motion is filed after criminal proceedings have terminated, "the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property." United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001) (quoting United States v. Chambers, 192 F.3d 374, 377 (3rd. Cir. 1999)). The government contends that $1,885 was

seized at the time of defendant's arrest but that the defendant is only entitled to the return of $400. The government has not submitted any verified affidavit and has therefore not met it burden in this case. United States v. Potes Ramirez, 260 F.3d at 1314.

Rule 41(g) mandates that a hearing be held on any factual issue necessary to decide the motion. No hearing is necessary where the government has authorized the return of the property. United States v. Timley, 443 F.3d 615, 625 (8th Cir. 2006). The government has filed a response (Doc. 60) to the motion for return of property, indicating that the money seized from the defendant at the time of his arrest can be obtained from the Northern Plains Safe Trails Task Force Office. The government, however, disputes the defendant's right to all the funds seized at the time of his arrest, contending that the defendant is entitled to only $400 of the total $1,885 seized. There is apparently no factual dispute as to the return of $400 to the defendant.

Now, therefore,

IT IS ORDERED:

1. The motion, Doc. 57, for the return of property is granted, in part.

2. The government shall cause the Northern Plains Safe Trails Task Force Office to return to the defendant $400, less $100 which shall be remitted to the Clerk of Courts in payment of the special assessment previously imposed.

3. If the defendant continues to contend he is entitled to the balance of funds seized at the time of his arrest, he shall so advise the Court.

Dated this 22nd day of December, 2006.

BY THE COURT:

*Charles B. Kornmann*
Charles B. Kornmann
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk
BY: _____
  DEPUTY
(Seal)

2